```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ANN M. LEMBARIS
                        Plaintiff,                    12-CV-6214
                v.                                 DECISION AND ORDER

UNIVERSITY OF ROCHESTER

                        Defendant,
_____
```

## INTRODUCTION

Plaintiff, Ann M. Lembaris ("Plaintiff"), brings this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq.* (the "ADEA") and the New York State Human Rights Law, New York Executive Law Section 290, *et seq.* ("NYSHRL"), alleging that her former employer, the University of Rochester ("Defendant" or "University"), terminated her because of her age. (Docket No. 1.) Defendant now moves for summary judgment contending that Plaintiff has not produced evidence to establish a prima facie case of age discrimination or to rebut its legitimate, non-discriminatory reason for firing her. Plaintiff opposes the motion contending that there are material issues of fact which preclude summary judgment. For the reasons discussed herein, Defendant's motion for summary judgment is granted and the Plaintiff's complaint is dismissed with prejudice.

Defendant also moves for sanctions against Plaintiff and her attorney, Christina A. Agola, pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant contends that Plaintiff's

refusal to voluntarily dismiss this action following discovery is sanctionable conduct, as the maintenance of this lawsuit after discovery revealed a lack of evidence of discrimination runs afoul of Rule 11. While the Court agrees that Plaintiff's case lacks merit, the Court finds that Rule 11 sanctions are not appropriate in this case.

## **BACKGROUND**

The following facts are taken from the parties' submissions pursuant to Local Rule 56(a) and the Court's review of the entire record. (Docket Nos. 14, 17.) The Defendant hired Plaintiff on October 20, 2008 as a Data Control Clerk II. At the time she was hired Plaintiff was 49 years old. Plaintiff remained in this position until she was fired on November 9, 2011, when she was 52 years old.

Naomi Smith became Plaintiff's supervisor in May 2011. Smith received a complaint that Plaintiff and her colleague, also a female over the age of 40, misused the timekeeping system, which is a violation of University policy. Smith conducted an investigation and interviewed Plaintiff and her colleague who both admitted to misusing the timekeeping system on one occasion. On that occasion, Plaintiff's colleague "clocked out" for Plaintiff at the end of her shift. Defendant later learned that Plaintiff and her colleague had misused the timekeeping system on another occasion as well. However, Plaintiff alleges that on the second occasion her

colleague merely shut down her system and that Plaintiff clocked herself out. Plaintiff and her colleague were terminated after this incident. Plaintiff, her colleague and all of Plaintiff's supervisor's, including Smith and Smith's supervisors, were over the age of 40 at the time of the termination.

Plaintiff avers that individuals who were younger than her routinely clocked each other out of the timekeeping system. In her declaration in opposition to the instant motion, Plaintiff offers two examples of co-workers under the age of 40 who clocked each other into or out of the timekeeping system. The record does not contain evidence that the Defendant knew of these instances, that these instances were investigated or that the individuals admitted to violating University policy.

Plaintiff also avers that she was replaced by two individuals who were younger than her. However, Plaintiff's statement is not based on personal knowledge and the Defendant has offered evidence that Plaintiff was, in fact, replaced by an individual over the age of 60.

### **DISCUSSION**

Pursuant to Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(a). Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with

evidence to allow a reasonable jury to find in his favor" on each of the elements of his prima facie case. See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir.2001); Celotex Corp. v. Catrett, 477 U.S. 317, 325-27 (1986). The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Celotex Corp., 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." See Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1776 (2007).

The law is well established that "conclusory statements, conjecture, or speculation" are insufficient to defeat a motion for summary judgment. See Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996). The nonmovant cannot survive summary judgment simply by proffering "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or presenting evidence that "is merely colorable, or is not significantly probative." See Savino v. City of New York, 331 F.3d 63, 71 (2d Cir.2003) (quoting Anderson, 477 U.S. at 249-50(citation omitted)). Rather, he must "set out specific facts showing a genuine issue for trial." See Anderson, 477 U.S. at 248, 250; see also Celotex, 477 U.S. at 323–24; Wright v. Goord, 554 F.3d 255, 266 (2d Cir.2009).

Plaintiff's ADEA discrimination claim is analyzed under the McDonnell Douglas burden-shifting framework. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456 (2d Cir. 2001); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under this framework, Plaintiff must first establish a prima facie case of age discrimination by showing "(1)[s]he is a member of the protected class; (2) [s]he is qualified for [her] position; (3)[s]he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination." Abdu-Brisson, 239 F.3d at 466-467. Once a plaintiff has established a prima facie case of discrimination, the defendant must articulate a legitimate, non-discriminatory rationale for its actions. Id. The burden then shifts to the plaintiff to demonstrate that the employer's stated rationale is merely a pretext for discrimination. See McDonnell-Douglas Corp., 411 U.S. at 802; see also Abdu-Brisson, 239 F.3d at 466-467. To satisfy this burden under the ADEA, Plaintiff must present evidence from which a reasonable jury could conclude, by a preponderance of evidence, that age was the "but-for" cause for the adverse action. Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 106 (2d Cir.2010). Plaintiff's claims under the NYSHRL are also analyzed under this framework. Id. at note 6.

Here, Plaintiff has failed to produce any admissible evidence that the circumstances surrounding her termination were

discriminatory. Plaintiff alleges that other individuals who were younger than her were allowed to "clock" each other into and out of the timekeeping system. However, Plaintiff has not shown that such individuals were similarly situated to her in all material respects. See Ruiz v. County of Rockland, 609 F.3d 486, 493-4 (2d Cir. 2010). For example, there is no evidence in the record that these individuals reported to the same supervisor, that the University was aware of such conduct or that an investigation was conducted wherein those employees admitted to wrong doing. Significantly, Plaintiff's supervisor affirms that she has not received any other complaints regarding the misuse of the timekeeping system by other employees. Smith Dec. at ¶18. Further, while Plaintiff states that she was replaced by two younger individuals, her deposition testimony demonstrates that this statement is not based on personal knowledge. Lemaris Dep. at 98-99. Further, Defendant has presented proof that Plaintiff was, in fact, replaced by an individual over the age of 60. Smith Dec. at ¶20. Lastly, the Court notes that Plaintiff was over the age of 40 when she was hired and all of the relevant decision makers were over the age of 40 when she was terminated. While not determinative, this evidence weighs against Plaintiff's conclusory assertions that her termination occurred under circumstances giving rise to an inference of age discrimination. See e.g. Smith-Barrett v. Potter, 541 F.Supp.2d 535, note 4 (W.D.N.Y. March 31, 2008).

Even if Plaintiff had produced sufficient evidence to establish a prima facie case of age discrimination, Plaintiff has not produced evidence from which a reasonable jury could conclude, by a preponderance of evidence, that Plaintiff's age was the but-for cause for her termination. Plaintiff admits that she violated Defendant's policy regarding the timekeeping system and, as discussed above, she has not presented any admissible evidence that she was terminated for any reason other than her admitted wrong doing.

Therefore, because Plaintiff has failed to establish a prima facie case of age discrimination and because she has failed to rebut Defendant's legitimate, non-discriminatory reason for her termination, the Court grants Defendant's motion for summary judgment.

With respect to Defendant's motion for Rule 11 sanctions for Plaintiff's maintenance of this lawsuit following discovery, the Court finds that sanctions in the case are inappropriate. "Under Fed.R.Civ.P. 11, sanctions may be imposed on a person who signs a pleading, motion, or other paper for an improper purpose such as to delay or needlessly increase the cost of litigation, or does so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable...." <u>Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.</u>, 28 F.3d 259, 264 (2d Cir. 1994). While Plaintiff was ultimately unable to establish her case

with admissible evidence, it is clear from her deposition and declaration that she personally believes that other younger individuals were treated differently and that she was replaced by younger individuals. Though Plaintiff was unable to produce admissible evidence to support her beliefs, the Court does not find that sanctions are appropriate in this case. Accordingly the Defendant's motion for sanctions is denied and the case is dismissed with prejudice.

## **CONCLUSION**

For the reasons discussed here, Defendant's motion for summary judgment is granted and the Plaintiff's complaint is dismissed with prejudice. Defendant's motion for sanctions is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

      S/ MICHAEL A. TELESCA
      HON. MICHAEL A. TELESCA
      United States District Judge

Dated: Rochester, New York
       August 28, 2013